**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan C. Bertanelli, | ) |
| Plaintiff, | ) No. CV-11-1340-PHX-PGR (LOA) |
| vs. | ) |
| Charles L. Ryan, et al., | ) ORDER |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion for Order to File Delayed Preliminary Injunction Appeal (Doc. 21), filed February 1, 2012, and on Plaintiff's Motion for "Stay of Ruling" on Plaintiff's Motion Re Amended Complaint During Pendency of Plaintiff's Motion for Filing Delayed Preliminary Injunction Appeal Ruling (Doc. 20), filed February 1, 2012.

On July 6, 2011, *pro se* Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1).  In the request for relief section of the Complaint, Plaintiff requested in relevant part a preliminary injunction requiring the defendants to add specific inmates to Plaintiff's Do Not House With list.  On September 7, 2011, the Court denied Plaintiff's request for preliminary injunction.  (Doc. 5).

In his pending motions, Plaintiff seeks an extension of the deadline to appeal the

order denying his request for preliminary injunction.  Plaintiff explains that he did not receive the Court's order denying his request for preliminary injunction until November 14, 2011 because he was hospitalized from September 3 to October 17, 2011 and ADOC did not forward Plaintiff's legal mail to the hospital.   The docket reflects that the September 7, 2011 Order was returned to the Court as undeliverable on September 15, 2011, during the time Plaintiff was hospitalized.  (Doc. 7).  On November 7, 2011, Plaintiff filed a notice of change of address prompting the Court to resend the September 7, 2011 Order to Plaintiff.  (Doc. 8).   Thus, the docket supports Plaintiff's contention that he did not receive the Court's September 7, 2011 Order until November 14, 2011.

Plaintiff further argues that, upon receipt of the September 7, 2011 Order, he began researching whether he could appeal the order denying his request for preliminary injunction. Because the prison law library did not contain the Federal Rules of Appellate Procedure, on November 18, 2011, Plaintiff sent a letter to the United States Court of Appeals for the Ninth Circuit requesting that information.  While awaiting a reply from the Ninth Circuit, Plaintiff requested assistance from the ADOC paralegal who advised him that he did not have a right to appeal the denial of his request for preliminary injunction.  (Doc. 22).   Plaintiff states that on January 28, 2012, he received a response from the Ninth Circuit which contained the Federal Rules of Appellate Procedure. Petitioner learned that he could appeal the September 7, 2011 Order, but that the time to do so had passed.  Accordingly, Plaintiff filed the pending motion seeking an extension of time.

As Plaintiff concedes, the time for appealing the denial of his request for preliminary injunction has passed.  Circuit Rule 3-3; Federal Rule of Appellate Procedure 4(a) (stating that a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.").  Federal Rule of Civil Procedure

4(a)(5) provides that:

>    (A) The district court may extend the time to file a notice of appeal if:

>    (i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; *and*

>    (ii) regardless of whether its motion is before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

>    * * *

>    (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

*Id.* (emphasis added).

Here, the order Plaintiff seeks to appeal was entered on September 7, 2011. (Doc. 5). Plaintiff had thirty days to file a notice of appeal, and Plaintiff had sixty days in which to file a motion for more time to appeal. Plaintiff's motion for extension of time was not filed until February 1, 2012. It is now too late for the Court to extend the time in which Plaintiff can appeal pursuant to Rule 4(a)(5).

The Court notes that, if certain conditions are met, the district court has the statutory authority to grant a motion to reopen the time for filing an appeal for 14 additional days. 28 U.S.C. § 2107(c). Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the court's authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual 30 days. Rule 4(a)(6) provides:

>    The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if *all* the following conditions are satisfied:

>    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

>    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and

- 3 -

(C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6) (emphasis added).  Rule 4(a)(6) provides no assistance to Plaintiff because he does not satisfy subsection (B).  Specifically, his February 1, 2012 motion to file a late appeal was not filed within 14 days after he received notice on November 14, 2011 of order he seeks to appeal.  Thus, the Court is not authorized to re-open the time in which Plaintiff could appeal. The Court will deny Plaintiff's motion requesting permission to appeal because it lacks the authority to grant Plaintiff's request.  *See* Bowles v. Russell, 551 U.S. 205, 213-14, 127 S.Ct. 2360, 2366 (2007) (Supreme Court ruled that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement and that a federal court has no authority to create equitable exceptions to the jurisdictional time limits for extending the time to appeal set forth in Fed.R.App.P. 4(a)(6).)   The Court will also deny Plaintiff's related motion to stay as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Court Order to File Delayed Preliminary Injunction Appeal (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for "Stay of Ruling" on Plaintiff's Motion Re Amended Complaint During Pendency of Plaintiff's Motion for Filing Delayed Preliminary Injunction Appeal Ruling (Doc. 20) is **DENIED** as moot.

DATED this 13th day of February, 2012.

Paul G. Rosenblatt
United States District Judge